NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
29736
17-MAY-2013
10:23 AM**

NO. 29736

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

VICTORIA YI, Plaintiff-Appellee, v. JOSEPH W. SULLIVAN and JANET FONG, Defendants-Appellants, and JOHN DOES 1-5; JANE DOES 1-5; DOE PARTNERSHIPS 1-5 AND DOE CORPORATIONS 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-1756)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Joseph W. Sullivan (Sullivan) timely appealed from the February 13, 2009 "Final Judgment Against Defendants Joseph W. Sullivan and Janet Fong" entered by the Circuit Court of the First Circuit (Circuit Court)[1] entering judgment in favor of Plaintiff-Appellee Victoria Yi (Yi) and against Sullivan and Defendant Janet Fong (Fong).

On appeal, Sullivan argues that: (1) Judge Hifo should have recused herself because she was partial towards Yi's attorney based on "her personal relationship with him"; (2) the evidence submitted by him was wrongfully disregarded; and (3) Yi's attorney should have been disqualified due to a conflict of interest based on his participation as a principal in the underlying events at issue and because he had previously represented defendants as a personal advisor in a separate extortion action.

---

[1] The Honorable Eden E. Hifo presided.

As a preliminary matter, we must consider the procedural defects presented in this appeal. Sullivan filed his notice of appeal on March 31, 2009. While the notice of appeal purports to assert an appeal on behalf of both Sullivan and Fong, Sullivan alone signed the notice of appeal. Sullivan is not licensed to practice law in Hawai'i, and because he is proceeding on appeal *pro se*, his apparent attempt to assert an appeal on behalf of Fong is invalid. Pursuant to Hawaii Revised Statutes (HRS) §§ 605-2 and 605-14 (1993 and Supp. 2012), persons who are not licensed to practice law in Hawai'i "are not permitted to act as 'attorneys' and represent other natural persons in [t]heir causes." Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979). As such, Fong is not a party to this appeal. Thus, we consider the asserted points of on appeal only as they pertain to Sullivan.

Sullivan's brief is in wholesale nonconformity with the requirements of the Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b).[2] In general, "[t]he fact that appellant's brief flouts the requirements of HRAP Rule 28 is also grounds for dismissal." Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995). However, "the policies of this court are

---

[2] Rule 28(b) establishes requirements for the Appellant's opening brief, requiring "[a] concise statement of the points of error set forth in separately numbered paragraphs." HRAP Rule 28(b)(3) requires that the Appellant's Opening Brief contain:

> A concise statement of the case, setting forth the nature of the case, the course and disposition of proceedings in the court or agency appealed from, and the facts material to consideration of the questions and points presented, with record references supporting each statement of fact or mention of court or agency proceedings.

Rule 28(b)(4) additionally requires that each point state "(i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the court or agency."

Rule 28(b)(5) requires that the opening brief contain "[a] brief, separate section, entitled "Standards of Review," setting forth the standard or standards to be applied in reviewing the respective judgments, decrees, order or decisions of the court or agency alleged to be erroneous and identifying the point of error to which it applies."

to permit litigants to appeal and to have their cases heard on the merits, where possible."  O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994).

Moreover, Sullivan has failed to satisfy the requirements of HRAP Rule 10(b),[3] which make it the appellant's responsibility to include in the record on appeal transcripts of the pertinent oral proceedings conducted by the trial court.  The only transcript that appears of record is that of the January 23, 2009 hearing, and that was provided by Yi.  As will be seen, to the extent missing transcripts are necessary to a review of Sullivan's points, this defect will be fatal.  See Bettencourt at 230, 909 P.2d at 558 ("[w]e . . . are unable to consider the merits of appellant's contention . . . because appellant failed to include the transcript of the applicable hearing in the record on appeal."); Tradewinds Hotel v. Cochran, 8 Haw. App. 256, 266-67, 799 P.2d 60, 66-67 (1990).

After a careful review of the issues raised and arguments made by the parties, the record, and the applicable authority, we resolve Sullivan's points on appeal as follows.

1.  **Whether Judge Hifo Should Have Recused Herself.**

With regard to his first point, Sullivan provides no argument supporting his claim of bias.  Points of error for which no argument is provided may be deemed waived. HRAP Rule 28(b)(7).

2.  **Whether Evidence Presented by Sullivan Was Erroneously Disregarded.**

Sullivan next points to the Circuit Court's refusal to consider "[s]tatements made by HPD and FBI" which, in his view,

---

[3]     HRAP Rule 10(b) provides in pertinent part:

(1) Request to prepare transcript. (A) *When to request.* When an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from, the appellant shall file with the appellate clerk, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file.

"show[ed] that the services to be performed . . . were of illegal nature." In support, Sullivan argues that these statements were, "comments by HPD Detective, Bart Canada, that [Yi], defendant Sullivan and attorney Cowan, were in violation of the U.S.Patriots Act. [sic] and could be tried for treason" and statements by Sullivan that the same three persons were the "target of an FBI investigation." The basis for the Circuit Court's refusal to consider these statements was that they were hearsay. Sullivan does not specifically identify where the statements to which he refers can be found in the record. We note that Sullivan provided similar statements in his declaration in support of his motion for summary judgment. Sullivan also provides no basis for his position that this ruling was in error.

Our review of Sullivan's declaration reveals that his averments regarding this subject, were not from his personal knowledge but from what "the FBI informed and advised me" and as "advised by [Detective Bart Canada]." As such, it appears that the Circuit Court's ruling that the same was "nothing but hearsay," was not error. Hawaii Rules of Evidence Rules 801 and 802.

### 3 and 4. Whether Yi's Counsel Should Have Been Disqualified.

Sullivan asserts that it was error for the Circuit Court to allow attorney Stuart Cowan (Cowan) to represent Cowan's wife, Yi, in this proceeding. In Point of Error number three, Sullivan argues that Cowan's active participation in the transaction at issue should disqualify him from representing Yi.

Yi correctly points out that the Hawai'i Rules of Professional Conduct (HRPC) do "not preclude a lawyer from representing his or her spouse." Moreover, it does not appear that Sullivan moved, before the Circuit Court, to disqualify Cowan and Sullivan's argument on appeal is based upon his unsupported assertion that Cowan was "'in charge' of operations"

with regard to the underlying events at issue. Because Sullivan does not support his allegations with references to any evidence in the record or to any legal authority in support of his position, we also deem this point waived. HRAP Rule 28(b)(7).

In Point of Error number four, Sullivan asserts that because Cowan "represented defendants Sullivan and Fong as personal advisor when defendants were subjected to extortion by another party," Cowan "should not have been allowed to represent [Yi] against defendants; this was a violation of attorney-client privilege." Sullivan goes on, in his argument section, to state that "Because of attorney Cowan committing extortion, he again should not have been allowed to represent" Yi. Once again, we find no indication in the record that Sullivan moved for Cowan's disqualification below and on appeal, Sullivan fails to identify the evidence of these allegations upon which he relies. Similarly, we reject this argument as meritless.

5.   Entry of Judgment in Yi's Favor.

Finally, we turn to Sullivan's arguments that the Circuit Court should not have "overturned" a ruling by a predecessor judge, ignored "many Federal s/Statutes" and "the U.S. Department of State's letter" when it granted judgment in Yi's favor.

A large part of Sullivan's argument on appeal appears to be based on the mistaken belief that the previous denial of Yi's motion for summary judgment precluded a later grant of summary judgment in Yi's favor. While it is true that a contrary ruling by a court of equal jurisdiction is not to be entered lightly, as the Circuit Court noted, where cogent reasons appear, a court may reconsider a prior decision in the case. Wong v. City & County of Honolulu, 66 Haw. 389, 396, 665 P.2d 157, 162 (1983) ("Unless *cogent reasons* support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion.") No transcript of the proceedings held on Yi's November 6, 2008

Motion for Partial Summary Judgment appears of record and the order denying the motion does not state the reasons therefor. The Circuit Court found that there were cogent reasons to enter judgment in Yi's favor. On the record before us, it is impossible to determine if Sullivan's assertions regarding the previous judge's comments and reasons for denying Yi's motion for summary judgment have any basis.

Similarly, Sullivan has not shown this court that he brought the federal statutes and letter from the State Department to the Circuit Court's attention nor does our review of the record reveal that he did so. More importantly, Sullivan does not now argue how those statutes or letter were relevant to his motion for summary judgment.

Consequently, Sullivan's challenge to the entry of judgment in Yi's favor is without merit.

For the foregoing reasons, we affirm the February 13, 2009 Final Judgment of Circuit Court of the First Circuit.

DATED: Honolulu, Hawai'i, May 17, 2013.

On the briefs:

Joseph W. Sullivan
Defendant-Appellant, pro se.

Stuart M. Cowan,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6